DAVID O. CARTER, UNITED STATES DISTRICT JUDGE
Before the Court are Plaintiff Leonard Luna's ("Plaintiff") Motion for Summary Adjudication as to Liability under the FCRA ("Pl. MSJ") (Dkt. 48), and Defendant Hansen and Adkins Auto Transport, Inc.'s ("Defendant") Motion for Summary Judgment as to Plaintiff's one cause of action for willful violation of the Fair Credit *1152 Reporting Act ("Df. MSJ") (Dkt. 51). The Court heard oral argument on June 11, 2018.
I. FACTS[1]
This case arises out of Defendant's employment application process-specifically the forms that Defendant uses to disclose to, and obtain authorization from, its job applicants for its practice of running background checks on all job applicants. Defendant Hansen & Adkins is a motor carrier licensed by the U.S. Department of Transportation ("DOT"). Plaintiff's Statement of Uncontroverted Facts ("Pl. SUF") (Dkt. 49) No. 1. Defendant operates throughout the United States and is engaged in transporting cars on car-carriers hauled by commercial motor vehicles commonly referred to as "big rigs." Id. As part of its business operations, Defendant employs commercial truck drivers and support staff, including dispatchers, mechanics, and other office and administrative employees. Id. ; Defendant's Statement of Uncontroverted Facts ("Df. SUF") (Dkt. 51-2) No. 1. Defendant maintains 30 terminals throughout the United States and employs over 1,100 drivers nationwide, with a significant number in California. Pl. SUF No. 2. Defendant has confirmed that during the liability period, it had approximately 3,000 job applicants and hired 2,101 employees. Id.
A. Defendant's Job Application Forms
As part of the hiring process, all of Defendant's employees-from the executive level managers down to its drivers-had to complete an application form, one for drivers and one for non-drivers.[2] Id. No. 7. Defendant required all prospective drivers, including Plaintiff, to complete a multi-page uniform Commercial Driver Employment Application ("Driver Application"), which contained a Fair Credit Reporting Act ("FCRA") authorization at the end. Id. No. 3; Declaration of Aashish Y. Desai ("Desai Decl.") (Dkt. 48-2) Ex. M.[3] The Driver Application page that contains the FCRA authorization also includes the following additional language and information: (i) Defendant's "at will" employment; (ii) warns applicants about acts of "dishonesty" on the application; (iii) sets limitations on the time in which to bring certain legal claims; and (iv) requests an agreement to pay the Company's costs and attorney's *1153 fees in the event of a failed legal action against the Company. Pl. SUF No. 4; Desai Decl. Ex. M. The Driver Application notes that, by signing, the prospective employee is not only "authorizing" Hansen & Adkins "to investigate" work histories and the like, but it also notes that the applicant will "release my former employers from all liability for any damages resulting from their furnishing information." Pl. SUF No. 4. An example of this portion of the Driver Application is reproduced below:
Desai Decl. Ex. M. at H & A 000064. Likewise, non-drivers were required to complete a similar application called the Non-Driver Employment Application ("Non-Driver Application") that contained, for these purposes, nearly identical provisions to those in the Driver Application. Pl. SUF No. 5.
In addition to the employment applications, it has been Defendant's practice, since at least a far back as 2007, to give all prospective applicants an FCRA Disclosure Form prior to running any form of background check on the applicant. Df. SUF Nos. 11, 12. Specifically, if a hiring manager wants to submit an Application that has been filled out by a candidate to management for approval, the FCRA Disclosure Form is given to the applicant in paper format, along with a Background Check Form and, if the applicant is a truck driver, a Pre-employment Screening Program Disclosure Form. Df. SUF No. 28. An example of the FRCA Disclosure Form Defendant provides to applicants is shown below:
*1154 Desai Decl. Ex. C (Dkt. 48-5) at H & A 000377. Upon completion, the background check forms are sent to the corporate office in Los Alamitos, California for review. Df. SUF No. 29. If approved by management, Hansen's Human Resources department will commence the background screening. Id.
B. Defendant's Background Checks
Before being hired, all of Defendant's employees are subjected to a uniform background check, which includes gathering information on their previous employment history and on any criminal or civil activity, including whether applicants are sex offenders. Pl. SUF No. 11; see also Df. SUF No. 2. Under Federal Motor Carrier Safety Administration regulations, Defendant is required to conduct background checks for all applicant truck drivers before they are hired. Df. SUF No. 2; Pl. SUF No. 1 (citing 49 C.F.R. § 391.23 ). Defendant also runs motor vehicle reports on its driver applicants, and conducts a DMV check annually for its employed drivers. Pl. SUF Nos. 11, 12.
C. Whether Plaintiff Luna Signed Defendant's Disclosure Form
Defendant asserts that, while the FCRA Disclosure Form signed by Plaintiff Luna has been misplaced, it is a "near certainty" that Luna also signed that form, "because otherwise, [Defendant] would not have run the background reports necessary for him to have been hired." Df. SUF No. 36. Defendant's supporting evidence is a declaration made by Ellen Wrobel, Defendant's Director of Human Resources, that states the following:
[Defendant] Hansen & Adkins also uses a ... [FCRA] disclosure form that notifies each applicant that background reports will be run on them as part of the application process. This document is signed by all employee applicants that Hansen & Adkins is considering for employment either as a driver or non-driver. This form has been in use for many years and at least as far back as 2007 *1155 .... Plaintiff Luna also signed a ... FCRA disclosure form because all employee applicants are required to execute that form to be considered for employment. The ... FCRA disclosure form executed by Luna has been misplaced. However, if Plaintiff Luna had not signed a ... FCRA disclosure form, then the application process could not have been completed as this is a mandatory release form to proceed with the CDTA background screening. Because a CDTA background screening was procured, met the company standards for hiring approval, and Mr. Luna was offered and accepted employment with our company, the company is confident that the ... FCRA form was signed by Mr. Luna. PSP reports are procured only if an additional PSP Disclosure Form is signed. Background checks are run by CDTA only if a CDTA Background Check Form is signed. And, it was the policy and standard operating procedure of Hansen & Adkins, that neither is done before the applicant signed the ... FCRA disclosure.
Declaration of Ellen Wrobel ("Wrobel Decl.") (Dkt. 34) ¶ 14. Plaintiff purports to dispute Defendant's assertion that Plaintiff Luna must have signed Defendant's FCRA Disclosure Form, stating, "Disputed since there is no evidence to show he signed and received this form." Plaintiff's Statement of Genuine Disputes ("Pl. SGD") (Dkt. 53-12) No. 36. However, Plaintiff offers no evidence-such as deposition testimony or a declaration by Luna-that Luna did not sign Defendant's FCRA Disclosure Form.
II. PROCEDURAL HISTORY
On June 8, 2017, Plaintiff filed the Complaint (Dkt. 1). In the Complaint, Plaintiff brings a single claim against Defendant for violation of the Fair Credit Reporting Act, 15. U.S.C. § 1681b(b)(2)(A)(i). Compl. ¶¶ 26-30. On April 16, 2018, this Court certified the following class:
STANDALONE DOCUMENT CLASS: All natural persons residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report or investigation that was procured by Defendant (or that Defendant caused to be procured) within five years of the filing of this Complaint through the date of final judgment in this action under FCRA, 15 U.S.C. § 1681p.
Order Granting Motion for Class Certification (Dkt. 40) at 1.
On May 7, 2018, Plaintiff filed the instant Motion for Summary Adjudication as to Liability under the FCRA. On May 14, 2018, Defendant filed its Motion for Summary Judgment as to Plaintiff's one cause of action for willful violation of the Fair Credit Reporting Act, and opposed Plaintiff's Motion ("Df. Opp'n") (Dkt. 52). On May 18, 2018, Plaintiff opposed Defendant's Motion ("Pl. Opp'n") (Dkt. 53), and replied in support of his own Motion ("Pl. Reply"). On May 25, 2018, Defendant replied in support of its Motion ("Df. Reply") (Dkt. 58).
III. LEGAL STANDARD
Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is to be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury. Celotex Corp. v. Catrett , 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ; Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A court must view the facts and draw inferences in the *1156 manner most favorable to the non-moving party. United States v. Diebold, Inc. , 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962) ; Chevron Corp. v. Pennzoil Co. , 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. Celotex , 477 U.S. at 323, 106 S.Ct. 2548. When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case. See Musick v. Burke , 913 F.2d 1390, 1394 (9th Cir. 1990).
Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial. See Liberty Lobby , 477 U.S. at 248-49, 106 S.Ct. 2505. A "material fact" is one which "might affect the outcome of the suit under the governing law ...." Id. at 248, 106 S.Ct. 2505. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc. , 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. See id. The court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the moving and opposing papers and the portions of the record cited therein. Fed. R. Civ. P. 56(c)(3) ; Carmen v. S.F. Unified Sch. Dist. , 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." Liberty Lobby , 477 U.S. at 252, 106 S.Ct. 2505.
IV. DISCUSSION
Both Plaintiff and Defendant move for summary judgment as to liability on Plaintiff's single claim under the FCRA.[4] See generally Pl. MSJ; Df. MSJ. Plaintiff argues that Defendant failed to meet the requirements of the FCRA, in two different ways, before obtaining "consumer reports" on its job applicants. Pl. MSJ at 1. First, Plaintiff argues that Defendant failed to comply with the FCRA's notice and disclosure requirement, and, second, that Defendant failed to comply with the FCRA's authorization requirement. Id. Defendant argues that the undisputed facts establish that it did comply with the FCRA's disclosure and authorization requirements, and that Plaintiff's theory of liability is premised on additional requirements that the FCRA, by its plain language, does not actually impose. See Df. MSJ at 2-3. The Court will address in turn the FCRA's disclosure and authorization requirements, and whether the undisputed facts show that Defendant complied with those requirements.
A. The FCRA's Disclosure Requirements
First, Plaintiff points out that, under the FCRA, applicants must be notified in writing that an employer may obtain a consumer report for employment purposes, and that notice must be separate, clear, and conspicuous. Pl. MSJ at 1. Indeed, the disclosure provision of the FCRA at issue here provides that
a person may not procure a consumer report, or cause a consumer report to be *1157 procured, for employment purposes with respect to any consumer, unless ... a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes.
15 U.S.C. § 1681b(b)(2)(A)(i).
Here, Plaintiff does not dispute that Defendant provides its job applicants with an FCRA disclosure document before procuring "consumer reports" by running background checks on its job applicants. See generally Pl. MSJ; Pl. SGD. However, Plaintiff claims that Defendant nevertheless violated this FCRA disclosure provision because Defendant "provided its FCRA disclosure/notice, which is written on a separate piece of paper, simultaneously with other employment documents and, therefore, failed to provide applicants with a 'stand-alone' written disclosure form." Pl. MSJ at 1-2.
Thus, the crux of Plaintiff's argument is that Defendant failed to meet the requirement that the FCRA disclosure be provided in a stand-alone document, because "the FCRA disclosure form was presented to applicants with a package containing six other documents during the application process." Pl. MSJ at 6. In other words, Plaintiff suggests that even "a single-page disclosure form that on its own would be compliant" violates the FCRA if it is provided to applicants at the same time as other documents. See Pl. MSJ at 5-6, 9. Plaintiff explains, quoting from a Federal Trade Commission Opinion Letter, that "[t]he reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side with the disclosure. A disclosure that is combined with many items in an employment application-no matter how 'prominently' it appears-is not 'in a document that consists solely of the disclosure' as required by Section 604(b)(2)(A)." Pl. MSJ at 9 (quoting Desai Decl. Ex. F (FTC Advisory Opinion to Leathers, Sept. 9, 1998) at 1).
Defendant does not dispute that it gives applicants an FCRA disclosure form together with other documents. See Df. SUF No. 28 ("Once a manager decides he or she is interested in a candidate, the candidate completes the employment application ... [and] [i]f the hiring manager still wants to submit the candidate's application to management for approval, the following documents are given to the applicant in paper format: (1) CDTA Background Check Form, and (2) the stand-alone FCRA disclosure form, and (3) if the person is a truck driver, the PSP Disclosure Form."). However, Defendant argues that its background check documents were physically distinct from its employment applications, as required, and that "the FCRA simply does not preclude giving all the materials to the applicants at the same time." Df. MSJ at 12. Defendant claims it complied with the FCRA because its disclosure form contains a "clear and conspicuous disclosure," in writing, and the disclosure form "consist[ed] solely of the disclosure." See 15 U.S.C. § 1681b(b)(2)(a)(i) ; Df. MSJ at 2. Thus, based on the undisputed facts, whether Defendant violated the FCRA's stand-alone disclosure requirements turns on whether the FCRA precludes employers from providing an FCRA disclosure simultaneously with other documents.
The plain text of the FCRA merely requires that Defendant provide "a clear and conspicuous disclosure ... in writing ... at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure ...." 15 U.S.C. § 1681b(b)(2)(a)(i) (emphasis added). As this Court noted at the class *1158 certification hearing, the statute makes clear that the FCRA disclosure must be in a "standalone" document in the sense that the document containing the disclosure cannot contain anything else along with the disclosure. See id. However, none of the authority cited by Plaintiff supports the contention that Defendant cannot provide the document containing solely the disclosure at the same time as Defendant provides other forms to applicants.
Even looking beyond the clear meaning of the statutory language, which only requires that the disclosure be provided "at any time" before a consumer report is procured, none of the Federal Trade Commission Opinion Letters quoted by Plaintiff suggest that a disclosure form must be provided at a point distinct in time from when other documents are provided. See Pl. MSJ at 7-10. For example, Plaintiff cites Opinion Letters explaining that the disclosure cannot only be provided as part of an employment application-while "an employer may continue to include in the employment application a disclosure that a consumer report may be procured and provide a place for the consumer's written consent ... an employer that follows this procedure must also clearly and conspicuously disclose in a completely separate document that a consumer report may be obtained for employment purposes ...." Pl. MSJ at 9-10 (citing FTC Advisory Opinion to Hawkey, Dec. 18, 1997). While this letter reflects the FCRA's requirement that the disclosure be in a completely separate document, it says nothing about providing the document at a completely separate time. See Desai Decl. Ex. I (FTC Advisory Opinion to Hawkey, Dec. 18, 1997); see also Desai Decl. Exs. E-H (additional FTC Advisory Opinion letters).
Moreover, as Defendant points out, other district courts have previously rejected Plaintiff's argument that the FCRA precludes employers from providing an FCRA disclosure document at the same time the employer provides other documents. See Df. MSJ at 10-11. For example, a court in this district explained:
The FCRA does not prohibit an employer from providing an FCRA disclosure as part of the employer's job application process. Nor does the FCRA prohibit an employer from providing an FCRA disclosure at the same time the employer provides other employment documents. In absence of Ninth Circuit authority, the Court declines to impose requirements on employers that are not enumerated in the FCRA. Because the [defendant's forms] comply with the FCRA's disclosure requirements, Plaintiffs' claim fails as a matter of law.
Newton v. Bank of America , No. 2:14-CV-03714-CBM-MRWX, 2015 WL 10435907, at *8 (C.D. Cal., May 12, 2015). Similarly, in another case involving a disclosure that was provided on its own page but as part of an online application process, the court explained:
Plaintiff alleges that the Disclosure Form and Authorization was not a stand-alone document because it was displayed as part of [the defendant's] online application process, which included other information such as various state law disclosures and requirements for Plaintiff's signature. But the Disclosure and Authorization appeared as a separate and distinct web page separated from the rest of the documents.... No other information was displayed on the screen alongside the Disclosure and Authorization. Plaintiff was required to click "Continue" to view the rest of the online application.... This qualifies as a stand-alone document for purposes of § 1681b(b)(2)(A).
*1159 Marquez v. Bank of America, National Association , No. 17-CV-00555-CW, 2018 WL 1948864, at *4 (N.D. Cal., Apr. 25, 2018) (internal citations omitted).
For the same reasons, the Court refuses to impose a requirement that is absent from the clear statutory language, that is, a requirement that employers provide an FCRA disclosure not only in a separate document, but also separate in time from any other documents. See 15 U.S.C. § 1681b(b)(2)(A)(i). Not only is there no authority for this requirement, but it would create a difficult line drawing exercise for the Court in determining how much time is adequate. And, as Defendant notes, even if there were a requirement that the stand-alone FCRA disclosure document not be provided at the same time as other documents, neither the plain language of the FCRA nor any binding authority establishes that requirement, and thus Plaintiff would not be able to show that Defendant willfully violated the FCRA. See Df. MSJ at 13-14; Newton , 2015 WL 10435907 at *8 (noting that there "is no binding authority requiring that Defendant present FCRA disclosures outside of its employment application process" and thus finding that it was "not plausible" that the defendant in that case had "willfully violated the FCRA because its interpretation [of the FCRA disclosure requirements] had 'a foundation in the statutory text' derived without 'the benefit of guidance from the courts of appeals' ").
Ultimately, the undisputed facts show that Defendant does not simply bury an FCRA disclosure in its Driver Application or Non-Driver Application forms. Rather, Defendant provides an FCRA disclosure in a separate "document that consists solely of the disclosure" before running background checks on job applicants.[5] See Desai Decl. Ex. C. Accordingly, Defendant meets the FCRA's disclosure requirements. See 15 U.S.C. § 1681b(b)(2)(A)(i) ; Marquez , 2018 WL 1948864, at *4 ; Newton , 2015 WL 10435907 at *8.
B. The FCRA's Authorization Requirements
Next, Plaintiff argues that Defendant violated the FCRA's requirement that an employer must obtain an applicant's written authorization before conducting a background check. Pl. MSJ at 1. While Defendant includes such an authorization at the end of its Driver Application and Non-Driver Application, Plaintiff argues that the authorization, like the FCRA disclosure, must be provided in a "separate and distinct document." Id. at 1-2, 5. Plaintiff explains that Defendant failed to meet this requirement because Defendant's FCRA authorization "is buried at the end of its multi-page application and includes extraneous information such as a liability release, information about at-will employment, warnings about dishonesty, statute of limitations for legal claims, and requests to agree to pay the company's fees and costs associated with a frivolous legal action."[6] Id. at 2; see also Desai Decl. Ex. M.
*1160 Defendant asserts that Plaintiff's argument fails because, although the FCRA "mandates a general format requirement of the disclosure," it "mandates no requirements for the authorization (including a 'stand-alone' requirement)." Df. MSJ at 9. Defendant further explains that the FCRA "provides a few basic requirements that employers must meet before the background checks are run: it requires job applicant's authorization in writing but does not specify any format for the authorization nor does it require a 'document that consists solely of the' authorization." Id. at 2.
Indeed, as to authorization, the FCRA merely requires that, before any person procures a consumer report about a consumer for employment purposes, "the consumer has authorized in writing (which authorization may be made [on the disclosure form] ) the procurement of the report by that person." 15 U.S.C. § 1681b(b)(2)(A)(ii). Unlike the disclosure provision, the authorization provision sets forth no requirements about the form in which the authorization must be presented to Defendant's job applicants. Compare 15 U.S.C. § 1681b(b)(2)(A)(i), with 15 U.S.C. § 1681b(b)(2)(A)(ii). Plaintiff cites no authority establishing that the FCRA requires more than what is stated in the text of the statute. See generally Pl. MSJ.[7] Rather, all of Plaintiff's citations support the notion that the disclosure must be in a stand-alone document, but not that the authorization must too. See Pl. MSJ at 7 (quoting FTC Advisory Opinions) (noting that "[e]mployers must 'clearly an conspicuously disclose in a completely separate document" and "the disclosure may not be part of an employment application" (emphasis added) ). In fact, one of the Advisory Opinions that Plaintiff provides in support of his Motion actually seems to contradict Plaintiff's own argument:
[The FCRA] requires consumer report users, before procuring a report for employment purposes, to make a written disclosure to the consumer "in a document that consists solely of the disclosure" that a consumer report may be obtained for employment purposes. You ask whether a party that has secured an employee's authorization for the report in an employment application must also make the disclosure in a separate document. The answer is yes, because [ 15 U.S.C. § 1681b(b)(2)(A) ] specifically states that the document containing the *1161 required disclosure may not include other items.
Desai Decl. Ex. H. (FTC Advisory Opinion to Coffey, Feb. 11, 1998) at 2 (emphasis added). Thus, while discussing the requirement that disclosures must be a in a separate document, the Federal Trade Commission explicitly acknowledged that an employer may secure an employee's authorization in an employment application. See id. By recognizing this but failing to note that such a practice would be inappropriate, the Federal Trade Commission implicitly approved the practice of including an FCRA authorization in an employment application. See id.
Accordingly, Plaintiff's argument, that "the FCRA requires both a stand-alone disclosure and a stand-alone authorization form," fails as a matter of law. See Pl. MSJ at 5. Because the undisputed facts establish that Defendant obtained written authorization from all its employee applicants in the Driver Application and Non-Driver Application before conducting any background checks, Defendant complied with the FCRA's authorization provision. See 15 U.S.C. § 1681b(b)(2)(A)(ii) ; Desai Decl. Ex. M; Pl. SUF Nos. 4-5, 7.
For the foregoing reasons, both of Plaintiff's theories of liability under the FCRA fail as a matter of law. Accordingly, the undisputed facts establish that Defendant provided job applicants with the required authorization and stand-alone disclosure before running background checks on them, as mandated by the FCRA.
V. DISPOSITION
For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Adjudication.
Defendant shall submit a proposed judgment on or before June 18, 2018 .

Unless indicated otherwise, to the extent any of these facts are disputed, the Court concludes they are not material to the disposition of the Motions. Further, to the extent the Court relies on evidence to which the parties have objected, the Court has considered and overruled those objections. As to any remaining objections, the Court finds it unnecessary to rule on them because the Court does not rely on the disputed evidence.

While Defendant made some minor changes to these applications forms, generally the applications stayed the same over the years. Id. No. 8. When Defendant did make minor changes to the application forms over the years, Defendant changed the forms for all prospective employees. Id. No. 6.

The authorization states: "As part of our procedure for processing your application, an investigation report may be made whereby information is obtained through a personal interview with you or with third parties, such as family members, business associates, financial sources, friends, neighbors or others to whom you are acquainted. This inquiry includes information as to your character, general reputation, personal characteristics and mode of living, whichever may be applicable.... By my signature below I hereby authorize Hansen and Adkins Auto Transport or their subsidiaries or agents to investigate my previous record of employment .... I understand that information that I provide regarding current and/or previous employers may be used and those employer(s) will be contacted, for the purpose of investigating my safety performance history as required by 49 CFR 391.23(D) and (e)." Desai Decl. Ex. M.

Plaintiff explains that its Motion does not reach damages-if the Court determines on summary judgment that Defendant is liable, "the issue of damages [is] to be decided by the Court after an appropriate hearing or trial." Notice of Motion at 1.

While Plaintiff purports to dispute that Plaintiff Luna was provided with, and signed, such an FCRA disclosure, Plaintiff provides no evidence to support this position. See Pl. SGD No. 36. Accordingly, Plaintiff has not provided sufficient evidence to carry its burden to create a material dispute of fact about this issue. See Liberty Lobby , 477 U.S. at 252, 106 S.Ct. 2505 ("[T]here must be evidence on which the jury could reasonably find for [the opposing party]."); see also Df. SUF. No. 36; Wrobel Decl. ¶ 14.

At the hearing, Plaintiff also argued that some of these terms, particularly the liability waiver, were "illegal." However, Plaintiff's sole claim in this case is brought under 15 U.S.C. § 1681b(b)(2)(A) -which sets forth the FCRA's disclosure and authorization requirements but does not include any provisions relating to the legality of certain substantive terms-and thus the issue of whether certain terms included with the authorization are substantively "illegal" is not properly before the Court. Moreover, the only authority Plaintiff cited in support of his "illegal terms" argument is Syed v. M-I, LLC , but that case only held that "15 U.S.C. § 1681b(b)(2)(A) does not contain an implied exception allowing a prospective employer to include a liability waiver on the same document as the statutorily mandated disclosure ." Syed v. M-I, LLC , 853 F.3d 492, 502 (9th Cir. 2017) (emphasis added). Defendant in this case did not include a release of liability in its disclosure statement.

After the hearing, Plaintiff filed as supplemental authority ("Supp. Auth.") (Dkt. 59) a 2017 Federal Trade Commission article entitled "Background checks on prospective employees: Keep required disclosures simple." Plaintiff argues that the FTC article "makes clear that employers should not include a release of liability in a FCRA authorization." Supp. Auth. at 2. However, the article discusses the scenario in which the FCRA authorization is included in the FCRA disclosure, and because the disclosure must be in a standalone document, it cannot contain any release of liability. See Supp. Auth. Ex. A (Dkt. 59-1). Thus, the article does not state that the FCRA requires the authorization, when not included in the disclosure form (as was the case here), to be in a standalone document free from extraneous information such as a liability release. See id.